**-

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE FLEMING,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

Defendant.

No. 2:16-cv-02811 AC

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 1383f.[1] For the

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

reasons that follow, plaintiff's motion for summary judgment will be GRANTED and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for an immediate award of benefits.

## I. PROCEDURAL BACKGROUND

Plaintiff initially applied for DIB and SSI on August 16, 2012, Administrative Record ("AR") at 87-101, 117 ("Disability Determination").[2] The disability onset date was alleged to be June 15, 2012. AR at 88. The claim was initially denied on February 5, 2013. AR at 100-01; AR at 115-16. It was denied upon reconsideration on June 26, 2013. AR at 133-34; AR at 149-50. Plaintiff filed a request for hearing on October 1, 2013 (20 C.F.R. 415.1429 *et seq.*), and appeared at the hearing held on February 5, 2015, presided over by ALJ Carol A. Eckersen and attended by plaintiff's attorney Betsy H. Alberts. AR at 13-38. Also present was James vanEck, an impartial vocational expert ("VE"). AR 16.

On April 29, 2015, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 16-33 (decision). Plaintiff appealed this decision. AR at 8. On September 29, 2016, the Appeals Council denied plaintiff's request to review under the error of law provision of the Social Security Administration regulations (20 C.F.R. 404.970) leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR at 1-7.

Plaintiff filed this action on November 28, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383(c)(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7 & 8. The parties' motion for summary judgment and cross-motion for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF No. 19 (plaintiff's summary judgment motion dated January 3, 2018) and ECF No. 20 (Commissioner's cross-motion for summary judgment dated January 29, 2013).

////

[2] The AR is electronically filed in multiple segments at ECF Nos. 12-3 to 12-16.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1963, and accordingly was, at age 49, a younger person under the regulations on the alleged disability onset date.[3] AR at 32. The claimant subsequently changed the age category to closely approaching advanced age.[4] Id. Plaintiff has at least a high school education, and can communicate in English. Id.

## III. LEGAL STANDARDS

The Commissioner's decision that plaintiff is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) *quoting* 42 U.S.C. § 405(g).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156, on r'hrg (9th

---

[3] See 20 C.F.R §§ 404.1563(c), 416.963(c) (same) ("younger person").

[4] See 20 CFR 404.1563(d), 416.963(d) (same) ("approaching advanced age").

Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [she] did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination."' Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . .'." Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003)(setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI. The following summarizes the sequential evaluation.

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The plaintiff bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a)("In general, you have to prove to us that you are blind or disabled"), 416.912(a)(same). However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the plaintiff is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).

## V. THE ALJ's FINDINGS

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.
>
> 2. [Step 1] The claimant engaged in substantial gainful activity during June 19, 2013 through August 23, 2014 (20 CFR 404.1520(b), 20 CFR 404.1571 et seq., 416.920(b) and 416.971 at seq.).
>
> 3. However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the periods the claimant did not engage in substantial gainful activity, which are from the claimant's alleged onset date of June 15, 2012, through June 18, 2013, and from August 24, 2014, through the date of this decision.
>
> 4. [Step 2] The claimant has the following severe impairments: bilateral knee degenerative joint disease; degenerative disc disease of cervical spine; obesity; and diabetes, with neuropathy

and chronic kidney disease, stage 1 (20 CFR 404.1520(c) and 416.920(c)).

5. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

6. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb, kneel, crouch, and crawl; he can frequently balance and stoop; he must avoid concentrated exposure to wetness, fumes, odors, dusts, and workplace hazards.

7. [Step 4] The claimant is capable of performing past relevant work as a transporter. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

8. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2012, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR at 19-33.

## IV. ANALYSIS

Plaintiff alleges that the ALJ erred by finding he is not disabled because the ALJ improperly found that plaintiff was not credible and failed to properly consider the opinions of his treating and examining medical providers. ECF No. 19 at 4. Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award of benefits or, in the alternative, further administrative proceedings. Id. at 27. Because the undersigned agrees that the ALJ improperly discounted plaintiff's treating and examining physicians and finds this error requires remand for an immediate award of benefits, only that issue is addressed below.

### A. The ALJ Improperly Discounted Opinions Of Treating and Examining Physicians

Plaintiff asserts that the ALJ erred when she failed to credit treating and examining physician opinion evidence without articulating legitimate reasons for doing so. ECF No. 19 at 4. Specifically, plaintiff asserts that the opinion of treating physician Dr. Maria Cottrell was supported "by substantial evidence in the record" and that "not one of the ALJ's articulated

'reasons' for discrediting the opinion was legitimate or persuasive." Id. at 20. Additionally, the plaintiff claims that the ALJ recited improper reasons for assigning the opinion of examining physician Dr. John Tendall reduced weight. Id. at 21. Plaintiff asserts that in contrast to the ALJ's finding, Dr. Tendall's opinion was largely consistent with Dr. Cottrell's opinion and his findings were not meaningfully undermined by non-examining/non-treating medical opinions. Id. at 21-23. After a review of the administrative record, the court concludes that the ALJ erred in according reduced weight to these treating and examining physicians' opinions.

Generally, there are three types of physicians that can offer opinions in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995), see also Pitzer v. Sullivan, 908 F.2d 502, 506, n4 (9th Cir.1990). The opinion of a treating physician is normally given more weight than the opinion of an examining physician, and the opinion of a non-examining physician is given the least amount of weight. Id.; Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991).

For the ALJ to reject the opinion of a physician, she must put forth the required rationale. If the ALJ rejects the opinion of a treating or examining physician, and that opinion is not contradicted, the ALJ must point to "clear and convincing" reasons for the rejection. Lester, 81 F.3d at 830-31. If the opinion is contradicted by another doctor, the opinion of the treating or examining physician can be rejected only if the ALJ provides "specific and legitimate" reasons for doing so. Id.; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995).

In some cases, the court has upheld the ALJ's decision to discredit the opinion of a treating or examining physician based partly on conflicting testimony of a non-examining medical advisor. E.g., Magallanes v. Bowen, 881 F.2d 747, 751–55 (9th Cir.1989); Andrews, 53 F.3d at 1043; Roberts v. Shalala, 66 F.3d 179 (9th Cir.1995). However, conflicting testimony from a non-examining physician on its own is not a valid ground for discrediting the treating or examining physician's testimony. Pitzer, 908 F.2d at 506 n. 4. In order to discount a treating or examining physician's opinion testimony, the ALJ must be able to point to other additional

evidence. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.")

1. Dr. Cottrell's Treating Physician Opinion Given Reduced Weight

The ALJ found that Dr. Cottrell's opinion was contradicted by the opinions of non-treating, non-examining consultants and by the record as a whole. AR at 28-31. Because Dr. Cottrell's opinion was contradicted by those of other medical professionals, the ALJ must point to specific and legitimate reasons not to credit it. Lester, 81 F.3d at 830-31. The reasons given do not meet that standard.

First, the ALJ improperly discounted Dr. Cottrell's Date Last Insured Questionnaire on grounds that it was "vague and conclusory" because it failed to address applicable work limitations and include any objective findings, and because it stated an opinion on the ultimate issue of disability. AR at 28. "[T]he ALJ need not accept a treating physician's opinion which is 'brief and conclusory in form with little in the way of clinical findings to support [its] conclusion.'" Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986). Plaintiff correctly asserts that Dr. Cottrell's findings in the questionnaire were not vague or conclusory because "it was not meant to be read viewed [sic] in a vacuum but as part of the full opinion." The court agrees with plaintiff that the record indicates the Questionnaire was meant to be "a follow-up to Dr. Cottrell's November 11, 2014, opinion regarding Mr. Fleming's residual functional capacity and specific work-related limitations." ECF No. 19 at 21. The Date Last Insured Questionnaire must be viewed in context of Dr. Cottrell's other provider notes. AR 371. Further, although the ALJ is correct that the ultimate question of disability is for the commissioner, the fact that Dr. Cottrell issued an opinion on the matter is not grounds for discounting her. In "disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations omitted).

Second, the ALJ found inconsistencies between Dr. Cottrell's opinion regarding plaintiff's severe disability and plaintiff's continued practice of substantial gainful activity. AR at 25.

Specifically, the ALJ states regarding plaintiff's treatment history with Dr. Cottrell:

> [t]he claimant began treating with Maria Cottrell, M.D., during the time period he was earning substantial gainful activity, but on August 23, 2014, he presented to Dr. Cottrell's office for disability paperwork.

Id.

Plaintiff asserts that the ALJ erred in finding that the majority of Dr. Cottrell's meetings with the plaintiff occurred when plaintiff was engaged in substantial gainful activity. The plaintiff states "contrary to the ALJ's assertion, most of Dr. Cottrell's treatment of Mr. Fleming occurred during the periods when he was not engaged in SGA". ECF. 19 at 18. The record establishes that Dr. Cottrell's examinations covered roughly equal periods in which plaintiff was and was not engaged in substantial gainful activity. Additionally, as asserted by the plaintiff, Dr. Cottrell's treatment notes reflect that during the period plaintiff was engaged in substantial gainful activity, he consistently reported worsening pain and difficultly performing his duties. AR 60-65, 816-879. Although Dr. Cottrell's treating history of plaintiff may have spanned both working and non-working periods, the ALJ's holding that Dr. Cottrell's diagnosis of severe impairments is incongruent with evidence of plaintiff's continuing employment is not supported by the overall record.

Third, the ALJ improperly found that internal inconsistencies in Dr. Cottrell's reports warranted discounting Dr. Cottrell's opinion. The ALJ stated that although Dr. Cottrell opined in her Medical Source Statement that plaintiff suffers from various impairments, her treatment notes fail to mention a diagnosis of these impairments. AR 21-22. Plaintiff asserts that the treatment notes were not actually internally inconsistent:

> [h]er treatment notes included diagnoses consistent with the assessed functional limitations; subjective reports of pain and symptoms consistent with her opinion; physical findings on examination consistent with her opinion; medication monitoring and changes; radiological evidence consistent with her opinion; and referrals to specialists consistent with the diagnoses and findings reflected in her opinion.

ECF No. 19 at 18.

A review of the record supports plaintiff's position. The ALJ's conclusory finding that "Dr. Cottrell had minimal findings on examination with regard to the claimant's back, neck, or knee pain, and noted him as having only tenderness on palpation, with full strength in his lower extremities" (AR 28) is not borne out by the record. Plaintiff's doctor visits regularly included complaints of increasing lower back pain and knee pain, numbness of lower extremities, and a diagnosis of diabetes that overlap with plaintiff's alleged impairments. AR 859, 861, 867, 876.

Fourth, the ALJ's statement that Dr. Cottrell's opinion is inconsistent with the record as a whole is inacurrate. AR 28. The ALJ's conclusion in this regard is drawn primarily from the other findings of non-examining, non-treating physicians. AR 28-31. For example, Dr. Cottrell's Medical Source Statement-Physical opines that plaintiff functioning is limited in ways that support a disability finding:

> [C]laimant . . . can stand and or walk for less than two hours in an eight hour day; he can sit for three hours in an eight hour day; he needs to elevate his legs while sitting, for per week basis but can only work for two to three hours per day; he can never climb, balance, stoop, kneel, crouch, or crawl; he was no visual or communicative limitations; he can occasionally reach and handle, bilaterally; he can never perform fingering…; he has restrictions for heights, moving machinery, temperature extremes and dust; and he would need to lie down three to four times per day due to pain and fatigue.

AR 28; see also AR 812-13.

The ALJ relies on the fact that the opinions of K. Vu, D.O., Eugene Campbell, Ph.D., and Elizabeth Covey, Psy.D, all non-examining consultants, and Silvia Torrez, Psy.D., an examining consultant, found limitations far less severe than those Dr. Cottrell found. AR 29-31. Dr. Vu, for example, found "[plaintiff] can stand and or walk (with normal breaks) about six hours in an eight hour workday" whereas Dr. Cottrell found that the plaintiff could only stand for two hours and sit for three during an eight hour workday. AR 28-29.

Discrepancies between Dr. Cottrell's opinion and the consulting opinions are insufficient to establish specific and legitimate reasons to support the ALJ's reduced weight finding. A

"nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." Pitzer, 908 F.2d at 506 n. 4. Dr. Cottrell's opinion is supported by the objective medical record as a whole, and by the findings of Dr. Tendall, an examining physician. AR 658 -659. For example, a December 18, 2012, right knee MRI documented focal full thickness loss of articular cartilage lateral femoral condyles measuring 7 mm, as well as tiny joint effusion with small popliteal cyst. AR 681. On January 16, 2013, Dr. Cottrell assessed hypertension, poorly controlled diabetes type II, and dyslipidemia. Labs on that date revealed a HbA1c of 9.3 – high and out of range. AR 738.

Labs and assessments from other physicians also support Dr. Cottrell's assessments. Dr. Cottrell referred Mr. Fleming to Dr. Suwangomolkul, a nephrologist, for evaluation of his proteinuria. AR 734. Dr. Suwangomolkul examined Mr. Fleming on March 13, 2013, and his diagnoses included chronic kidney disease, state 1; type II diabetes mellitus with renal manifestations; essential hypertension; pure hypercholesterolemia; vitamin D deficiency; hypercalcemia; proteinuria; and anglolipoma of the kidney. AR 807. Dr. Suwangomolkul indicated that Mr. Fleming's proteinuria was most likely secondary to early diabetic nephropathy from long-standing, uncontrolled type II diabetes. AR 807-809, 798-805. Dr. Suwangomolkul noted on May 15, 2013, that Mr. Fleming's proteinuria was improved but that the hematuria persisted. AR 801.

On December 3, 2014, orthopedic surgeon Dr. DeFrancisci documented findings of a 5° contracture on the right knee with only 95° of flexion. AR 884-85. On Dr. DeFrancisci performed a right knee diagnostic and operative arthroscopy on December 8, 2014. The postoperative diagnoses included synovitis throughout the knee, degenerative and fibrotic medial synovial plica; degenerative tearing of the medial meniscus with synovitis of the anteromedial joint; lumpy diminutive ACL suggestive of internal tearing; and discoid lateral meniscus. AR 882. Radiological evidence also showed damage to the left knee; a January 2012 left knee x-ray documented "trace effusion left knee with mild patellofemoral and lateral compartment osteoarthritis." AR 381.

In light of the support in the record and the corroboration of another examining physician, it was improper for the ALJ to discredit Dr. Cottrell on the basis of non-treating/non-examining physician opinions.

Fifth and finally, the ALJ discounts Dr. Cottrell's opinion because Dr. Cottrell relied too heavily on plaintiff's subjective report of symptoms and limitations. AR 29. Plaintiff argues that this is incorrect, asserting that Dr. Cottrell relied on more than plaintiff's subjective statements. Specifically, plaintiff points to Dr. Cottrell's reliance on "objective radiological evidence, laboratory reports, physical exams, her clinical observations, reports… as well as [the plaintiff's] credible subjective reports of symptoms and pain." ECF No. 19 at 20.

The ALJ cannot discount a treating physician's opinion based on a finding of reduced credibility of the claimant, if the treating physician's opinion is supported by objective medical evidence as well as the claimant's complaints. Ryan v. Commissioner, 528 F.3d 1194, 1199-200 (9th Cir, 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physicians opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). A review of the record demonstrates that Dr. Cottrell relied on more than plaintiff's subjective reports of pain in assessing his limitations. AR 812-813, 816-879. The ALJ failed to recite any specific examples from the medical record that indicate Dr. Cottrell's sole relied on plaintiff's subjective complaints to form her opinion about plaintiff's limitations. Accordingly, this ground for rejecting Dr. Cotrell's opinion is neither specific nor legitimate.

Overall, the ALJ did not give the required specific and legitmate reasons for discounting the opinions of Dr. Cottrell regarding the degree of plaintiff's impairments. Reversal and remand are therefore required unless the error was harmless.

2. Dr. Tendall's Examining Physician Opinion Given Reduced Weight

Plaintiff next argues that the ALJ erred in according "reduced" weight to Dr. Tendall's opinion. AR 29. The ALJ discredited Dr. Tendall's opinion largely on grounds that it is inconsistent with the record as a whole, although it is consistent with Dr. Cottrell's opinion. Id. Because Dr. Tendall is an examining physician that is contradicted by other opinions, the ALJ is

required to point to specific and legitimate reasons to find the opinion deserves reduced weight. Lester, 81 F.3d at 830-31. None of the ALJ's reasons survive scrutiny.

First, the ALJ states that Dr. Tendall's overall opinion was inconsistent with the record as a whole. AR 29. Like Dr. Cottrell's opinion, Dr. Tendall's opinion was discredited by the ALJ based on contradicting opinions from non-treating, non-examining consultants. Id. For instance Dr. Tendall found, similarly to Dr. Cottrell, that plaintiff's walking and standing should be limited to two hours in an 8-hour workday. AR 28-29. As stated above with regard to Dr. Cottrell's opinion, the ALJ identified several of non-examining, non-treating medical consultants who disagreed. AR 28-31. Although the ALJ identified contrasting opinions from non-treating, non-examining consultants, the ALJ is required to point to additional evidence in order to discredit an examining physician.

In an effort to bolster the opposing opinions from non-treating, non-examining physicians, the ALJ cited to plaintiff's conservative treatment. Evidence of conservative treatment can impeach plaintiff's credibility regarding the severity of his impairments. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). Specifically, the ALJ points to Dr. Tendall's medical records that detail a finding of plaintiff being "very uncomfortable with range of motion testing of his hips and low back" while the ALJ found probative that "there is little medical evidence of record to indicate any back or hip conditions, such as imaging studies or other testing." AR 29. This is not borne out by the record, however. Dr. Cottrell's treating notes consistently mention tenderness in plaintiff's back, and referred plaintiff to undergo EMG/NCV testing. AR 857, 867, 874, 877. Additionally, plaintiff had already undergone an MRI that showed impairments to his cervical spine at C5-6 and C6-7. AR 630. With regard to Dr. Tendall's findings about conditions in the hip, objective medical records show that an x-ray had been performed on plaintiff's hip and had shown some impairment suggestive of left femoroacetabular impingement syndrome. AR 501. Contrary to the ALJ's finding, the objective medical records support the existence of the impairments identified by Dr. Tendall. .

The ALJ further concluded that Dr. Tendall's opinion was inconsistent with the record as a whole, and not supported by objective findings. However, the ALJ specifically identifies only

one inconsistency to support this contention: Dr. Tendell's opinion that plaintiff's use of the cane was prescribed as well as medically necessary. AR 656-67. The ALJ states that there was no indication the cane was ever prescribed, as Dr. Tendall concluded, and stated "there is no indication by any treating physicians that the claimant needs to limit his walking." AR 29, 657.

The ALJ is correct that a cane does not seem to ever have been prescribed by plaintiff's medical providers. However, this does not undermine Dr. Tendall's overall opinion. First, although Dr. Tendall did note incorrectly that "[the cane] was prescribed," this was irrelevant to his overall opinion because he found its use "medically necessary based on [his] objective exam findings." AR 657.[5] The ALJ incorrectly relied on the minor error regarding prescription to entirely discount Dr. Tendall's opinion.

As an examining physician, Dr. Tendall's opinion could not be discounted without substantial evidence to the contrary. As stated above, substantial evidence requires more than just differing opinions from non-treating, non-examining medical consultants. The ALJ erred in assigning Dr. Tendall's opinion reduced weight and reversal on this point is warranted.

B. Harmless Error Analysis

As explained above, the ALJ erred when she improperly found Dr. Cottrell and Dr. Tendall's opinions deserved reduced weight. Plaintiff asserts that the undersigned should find this error harmful and remand for immediate award of benefits. ECF No. 19 at 30. The errors were not harmless.

While normal practice is to remand the case for further proceedings with the ALJ, the court has the discretion under certain circumstances to award immediate benefits:

> [W]here there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand…Rather, we will...take that testimony to be established as true.

---

[5] The insignificance of the "prescription" error is highlighted by plaintiff's testimony that, upon recommendation from his physician that he use a cane, he began using his grandfather's cane. AR 67. If plaintiff already had a cane, it is logical that he would not have been prescribed one.

Varney v. Secretary of Health & Human Servs., 859 F.2d 1396 (9th Cir.1988).

A three-part analysis is employed to evaluate this issue. The court should credit the evidence improperly rejected by the ALJ and remand for immediate award of benefits if: 1) the ALJ did not provide sufficient reasons for dismissing the evidence; 2) there are no outstanding issues that need to be resolved prior to a disability determination can be made; and 3) it is clear that the ALJ would be required to find the claimant disabled if the evidence at issue were credited as true. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). First, as stated above, the ALJ did not cite valid reasons for discounting the opinion of treating and examining physicians Dr. Cottrell and Dr. Tendall.

Under the second step of the analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) (quoting Treichler v. Commissioner., 775 F.3d 1090, 1101 (9th Cir. 2014). Should the step be satisfied, the evidence at issue is evaluated under the credit-as-true rule. Under the third step, the court must remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted). If there are no serious doubts from the record as a whole, the court is not required to remand but may award immediate benefits. Garrison v. Colvin, 759 F.3d 995, 1023 (9th Cir. 2014).

In this case, it is clear that if the ALJ had credited Dr. Cottrell's opinion as true, plaintiff would necessarily be found disabled under the Social Security Act. Dr. Cottrell found that plaintiff would be able to lift/carry 10 pounds occasionally and less than 10 pounds frequently in an 8-hour work day. AR 812. He would be able to stand and walk less than two hours a day in an 8-hour workday. Id. He would also have to elevate his legs above waist level while sitting for 3 hours during an 8-hour work day and lie down 3-4 times per day due to his pain and fatigue. AR 812-813. Overall, Dr. Cottrell opined that plaintiff would only be able to work 2-3 hours per day in an 8-hour workday, therefore he would not be able to sustain work on a 40-hour per week

////

basis. AR 813. Dr. Tendall's findings largely matched Dr. Cottrell's, and support the validity of her opinion. AR 655-59.

When Dr. Cottrell's findings regarding the applicable limitations were proposed in a hypothetical to the Vocational Expert, the VE responded that plaintiff would not be able to perform any work. AR 84-85. Because the VE found that no jobs could be performed by plaintiff under the hypothetical proposing Dr. Cottrell's limitations, plaintiff is disabled under the Act when the opinion is credited as true.

With the above standard satisfied, the court retains flexibility to exercise its discretion in determining whether to remand for further proceedings or an award for benefits. Burrell, 775 F.3d at 1141. The court should not exercise its discretion if, although the above steps may be satisfied, the record as a whole still contains serious doubts that the plaintiff is actually disabled within the meaning of the Act, the court should remand for further proceedings. Id. (quoting Garrison, 759 F.3d at 1021). However, if the above credit-as-true rule is satisfied and the record supports plaintiff's alleged disability determination, it would be an abuse of the court's discretion to remand for further proceedings. Garrison, 759 F.3d at 1021. Here, the record supports the conclusion that plaintiff is disabled within the meaning of the Act. The record supports that plaintiff is disabled within the meaning of the Act and this determination requires no further fact finding.

## V. CONCLUSION

The ALJ erred in failing to credit the opinions of Drs. Cttrell and Tendall. For the reasons explained above, these opinions must be credited as true and require remand for an immediate award of benefits.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is DENIED;

3. This matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

////

4. The Clerk of the Court shall enter judgment for the plaintiff, and close this case.

DATED: May 21, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE